UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 2:10-cr-236-GMN-PAL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | **Regarding Government's Motion in** |
| ) | **Limine to Exclude Irrelevant Evidence** |
| CANDIS J. GARDLEY, ) | **(ECF No. 261)** |
| SUZANNE R. McALLISTER, and ) | |
| JABARI L. MARSHALL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is the Government's Motion in Limine to Exclude Irrelevant Evidence (ECF No. 261), Defendant Jabari Marshall's untimely Response (ECF No. 266), and the Government's Reply (ECF No. 269).

The Government requests that this Court enter an order excluding 1) evidence regarding lender negligence; 2) evidence regarding the belief that the lender would not be harmed; and 3) evidence of the state of the economy or the real estate market during and after the time period of the scheme to defraud. (ECF Nos. 261, 269). Defendant Marshall opposes the categorical exclusion of evidence before he has even had the opportunity to hear the Government's direct examination questions. (ECF No. 226). The Defendant requests, in the alternative, that this Court wait to address the admissibility of the evidence and of specific cross-examination questions at trial.

**I.   LEGAL STANDARD**

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Rule 104(a), a party must show that the requirements for admissibility are met by a preponderance of the

evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Federal Rule of Evidence 103(c)). *In limine* rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

## II. ANALYSIS

### A. Evidence Regarding Lender Negligence

The Government correctly states that negligence of the victim lender is not a defense to bank fraud, mail fraud, or wire fraud because "[s]uccess of the scheme [to defraud] is immaterial" and not an element of the offense. Ninth Cir. Model Crim. Jury Instr. 8.121 cmt. (mail fraud); *see also* Ninth Cir. Model Crim. Jury Instr. 8.124 cmt. The criminal offense of conspiracy prohibits "a scheme" to defraud rather than a completed fraud; therefore, the Government need not prove that the lender actually relied upon the falsehood. *Neder v. United States*, 527 U.S. 1, 25 (1999). The Government need only demonstrate that the false statement(s) provided to the lender were material, which is defined as having a natural tendency to influence, or is capable of influencing, the decision. *Id.* "Capable of influencing" is an objective test, which looks at "the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end." *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008). Materiality is measured by an objective test and what is important is not whether someone at the lending institution actually relied upon the false statements but rather the intent of the person

making the statement: whether the statement was made with the intent to further a fraudulent purpose. *United States v. Blixt*, 548 F.3d 882 (9th Cir. 2008).  Therefore, the diligence (versus negligence) of the lender in reviewing the documents containing the false statements is not relevant.

### B. Evidence Regarding the Belief that the Lender Would Not Be Harmed

The Government accurately states that "[w]hile an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all." *United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993).

### C. Evidence of the Decline in the Real Estate Market or Economy

As stated above, actual success of the scheme to defraud is immaterial.  Accordingly, the decline of the real estate market and/or the decline of the economy is not relevant to the conspiracy charge.

In this case, the Government seeks a pretrial order from this Court excluding any evidence that Defendants may offer at trial regarding (1) lender negligence; (2) a belief that the lender would not be harmed; and (3) evidence of the state of the economy in general or the real estate market specifically. (Mot. in Limine 11-12, ECF No. 261.)  Although the Court agrees with the Government that these categories of evidence are not generally relevant to the conspiracy count crime charged in the Second Superseding Indictment against Defendants Marshall and Gardley and do not qualify as a defense, the Court will not make a blanket categorical exclusion of such evidence at this time.  The Court agrees with Defendant Marshall that each attempt to introduce or elicit such evidence would more properly be addressed during trial after the parties have had an opportunity to argue their specific basis for its admission or exclusion, with one exception.  The Defendant's position fails to consider the Court's lack of opportunity to address the efficacy of such statements if they are asserted during Defendants' Opening Statements.

Therefore, the parties are directed to seek a prior ruling if they intend to mention in Opening Statements any of the three concepts described above and in the Government's papers. Likewise, the parties are further directed to advise the Court during trial breaks, outside the presence of the jury, or to request a sidebar if and when they seek to introduce or elicit any evidence potentially corresponding with any of the three categories above, so that each party may make its record and the Court may render its ruling.

### III.    CONCLUSION

**IT IS THERFORE ORDERED** that the Government's Motion in Limine to Exclude Irrelevant Evidence (ECF No. 261) is **DENIED without prejudice**.

**DATED** this 5th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge