# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:10-cr-236-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER Regarding** |
| vs. | ) | **United States' Motion to Introduce** |
| | ) | **Business Records and Certified** |
| CANDIS J. GARDLEY, | ) | **Public Records** |
| SUZANNE R. McALLISTER, and | ) | **(ECF No. 284)** |
| JABARI L. MARSHALL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Government's Motion to Introduce Business Records and Certified Public Records (ENF No. 284). Defendant Marshall filed a Response (ECF No. 307). Defendant Gardley did not file a Response. The Government filed its Reply (ECF No. 310).

The Government requests an Order pursuant to Rules 104 and 902(11) and (4) of the Federal Rules of Evidence that (1) Government's Proposed Trial Exhibits 1-4, 6-33, 36-39, 42-48, 50-51, 53-61, 64-75, 77, 79-80, 82, 84 and 95-99 are admissible as business records pursuant to Federal Rule of Evidence 803(6); (2) Government's Proposed Trial Exhibits 83 and 85-92 are admissible as certified public records pursuant to Federal Rule of Evidence 803(8); and (3) the below business records and certified public records are authentic because they have been certified pursuant to Federal Rule of Evidence 902(11) and (4), respectively. These records consist of lender records, escrow records, wire records, and bank records as evidence of Defendant's fraud as well as Clark County Recorder's records from one of Defendants' fraudulent transactions and certified corporate records of some of Defendants' and their coconspirators' businesses. The Government has attached to its motion a copy of the certification for each exhibit (See Exs. 1-35, 45-48 and Exs. 36-44) and the Government certifies

that all of these records with their certificates have been previously produced to Defendants.

The Government argues the records are admissible as records of regularly conducted activity pursuant to Federal Rule of Evidence 803(6) or as public records pursuant to Federal Rule of Evidence 803(8) and that all are certified by a written declaration by a custodian or other qualified person certifying pursuant to Federal Rule of Evidence 902(11). Approximately 99 exhibits are identified in the motion. Defendant Marshall concedes the "records are authentic pursuant to the Federal Rules of Evidence" and explains he has already offered to sign a stipulation that the documents in question are authentic." (ECF No. 307 at 1-2). However, Defendant Marshal opposed the Government's motion because,

> "the Government wants these records admitted into evidence, in bulk, without any
> witness on the stand who can respond to cross examination about the underlying
> transactions, and without even a proffer as to how each exhibit is relevant to
> Marshall. FRE 401. This violates Marshall's Sixth Amendment right to confront
> his accusers."

(ECF No. 307 at 2). Defendant also objects to the admission of the records under Rules 403 and Rule 805 and specifically notes that Exhibit 64 is actually 18 documents relating to a loan that occurred after the conspiracy alleged in the Second Superseding Indictment. Exhibits 95-99 are 25 pages of car loan documents. Defendant Marshall. Defendant's objections may be addressed at the hearing scheduled for September 13, 2013. Defendant Gardley has not filed a Response to the Government's motion.

However, the Court interprets the Government's motion as merely a preliminary motion to determine if a custodian of records must be subpoenaed to authenticate each document. The Defense clearly is agreeable as to this point. Therefore, the Court hereby finds that Government Exhibits 1-4, 6-33, 36-39, 42-48, 50-51, 53-61, 64-75, 77, 79-80, 82, 84 and 95-99 are admissible as business records, are authentic, and are not barred by the hearsay rule pursuant to Rules 803(6)

and 902(11). The Government further requests that the Court enter a pretrial order finding that Government Exhibits 83 and 85-92 are admissible as certified public records, are authentic, and are not barred by the hearsay rule pursuant to Rules 803(8) and 902(4).

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Introduce Business Records and Certified Public Records (ENF No. 284) is hereby **GRANTED**.

Whether the exhibits are relevant pursuant to Rule 104 or should be excluded pursuant to 403 will be addressed after the Court has heard argument from counsel at the September 13, 2013 hearing.

**DATED** this 10th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge