DANIEL G. BOGDEN
United States Attorney
District of Nevada
BRIAN PUGH
SARAH E. GRISWOLD
Assistant United States Attorneys
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
702-388-6336
Fax: 702-388-5087



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CANDIS J. GARDLEY,<br><br>　　　　　Defendant. | Case No.: 2:10-cr-236-GMN-PAL<br><br>**UNITED STATES' MEMORANDUM REGARDING DEFENDANT CANDIS GARDLEY'S PLEA WITHOUT BENEFIT OF PLEA AGREEMENT** |

The United States, by and through Daniel G. Bogden, United States Attorney, and Brian Pugh and Sarah E. Griswold, Assistant United States Attorneys, submits this Memorandum Regarding Defendant Candis Gardley's Plea without Benefit of Plea Agreement.

There is no plea agreement in this case. This memorandum is to aid the Court in advising the defendant of the consequences of a guilty plea under Federal Rule of Criminal Procedure 11.

### I. THE CHARGES

The defendant will plead guilty to the four-count Second Superseding Indictment charging defendant with one count of Conspiracy To Commit Bank Fraud, Mail Fraud, and Wire Fraud, in violation of Title 18, United States Code, Section 1349, one count of Bank Fraud, in violation of Title

18, United States Code, Section 1344, and two counts of Mail Fraud, in violation of Title 18, United States Code, Section 1341. The defendant will agree to the forfeiture listed in Forfeiture Allegations One through Eight of the Second Superseding Indictment.

## II. ELEMENTS OF THE OFFENSE

1. The essential elements of the offense of Conspiracy To Commit Bank Fraud, Mail Fraud and Wire Fraud, in violation of 18 United States Code, Section 1349 are as follows:

<u>First</u>: Beginning in or about 2005, and ending in or about April 2007, there was an agreement between two or more persons to commit at least one crime as charged in the Second Superseding Indictment; and

<u>Second</u>: The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

9th Cir. Crim. Jury Instr. 8.20 (2010).

2. The essential elements for the crime of Bank Fraud, in violation of Title 18, United States Code, Section 1344, are the following:

<u>First</u>: The defendant knowingly carried out a scheme or plan to obtain money or property from Flagstar Bank by making false statements or promises;

<u>Second</u>: The defendant knew that the statements or promises were false;

<u>Third</u>: The statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

<u>Fourth</u>: The defendant acted with the intent to defraud; and

<u>Fifth</u>: Flagstar Bank was federally insured.

9th Cir. Crim. Jury Instr. 8.127 (2010).

3. The essential elements for the crime of Mail Fraud, in violation of Title 18, United States Code, Section 1341, are the following:

2

First: The defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second: The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third: The defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth: The defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

9th Cir. Crim. Jury Instr. 8.121 (2010).

4. The essential elements for the crime of Wire Fraud, in violation of Title 18, United States Code, Section 1343, are the following:

First: The defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second: The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third: The defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth: The defendant used, or caused to be used, interstate wire communications to carry out or attempt to carry out an essential part of the scheme.

*See* 9th Cir. Crim. Jury Instrs. 8.121 and 8.124 (2010).

## III. SENTENCING GUIDELINES CALCULATIONS

1. The sentence imposed will be under 18 U.S.C. § 3553(a) and the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"). The Court is required to consider the Sentencing Guidelines among other factors in determining the defendant's sentence. The Sentencing

1 Guidelines are advisory, and after considering the Sentencing Guidelines, the Court may be free to
2 exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the
3 crimes of conviction.

4     2.    Counts 1 through 4 should be grouped together. (U.S.S.G. § 3D1.1.)

5     3.    The following United States Sentencing Guidelines calculations apply:

| | |
|---|---|
| Base Offense Level [U.S.S.G. § 2B1.1(a)(1)]: | 7 |
| Loss $7-20 million [U.S.S.G. § 2B1.1(b)(1)(K)]: | 20 |
| Ten or More Victims [U.S.S.G. § 2B1.1(b)(2)(A)]: | 2 |
| Sophisticated Means [U.S.S.G. § 2B1.1(b)(10)(C)]: | 2 |
| More than $1 Million [U.S.S.G. § 2B1.1(b)(15)(A)]: | 2 |
| Manager or Supervisor [U.S.S.G. § 3B1.1(c), comment. (n.2)]: | 2 |
| Acceptance of Responsibility [U.S.S.G.§ 3E1.1(a)]: | -2 |
| Total Offense Level | 33 |

14     4.    The United States will not move for a 1-level reduction for acceptance of responsibility
15 pursuant to U.S.S.G. § 3E1.1(b). The government made substantial preparation for trial before the
16 defendant notified the government of her intent to plead guilty. *See* U.S.S.G. § 3E1.1 comment. (n.6).

17     5.    The defendant's Criminal History Category will be determined by the Court pursuant to
18 Chapter Four of the Sentencing Guidelines

19     6.    The Court may consider all relevant conduct whether charged or uncharged, in
20 determining the applicable sentencing guidelines range, the propriety and extent of any departure from
21 that range, and the determination of the sentence to be imposed after consideration of the sentencing
22 guidelines and all other relevant factors.

23 ///
24 ///

## IV. PENALTY

1. The maximum penalty for violating Title 18, United States Code, Section 1349, is imprisonment for not more than 30 years, a fine of not more than $1,000,000, or both.

2. The maximum penalty for violating Title 18, United States Code, Section 1344, is imprisonment for not more than 30 years, a fine of not more than $1,000,000, or both.

3. The maximum penalty for violating Title 18, United States Code, Section 1341, is imprisonment for not more than 20 years, a fine of not more than $250,000, or both.

4. The defendant is subject to supervised release for a term of not more than five years. Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements. The defendant understands that if she violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. The defendant must pay a special assessment of one-hundred dollars ($100.00) for each count of conviction.

6. The defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless the defendant establishes that the defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## V. FACTS THAT SUPPORT GUILTY PLEA

1. The defendant is pleading guilty because the defendant is guilty of the charged offense.

2. The government proffers that if called upon to do so, it could prove the following facts beyond a reasonable doubt:

3. From in or about 2005, to in or about April 2007, there was an agreement between two or more persons to submit mortgage loan applications to financial institutions to finance straw buyer

real estate purchases in Nevada. The defendant participated in this conspiracy with Lloyd Gardley, Jabari Marshall, and others.

4.  The defendant solicited persons to act as straw buyers to purchase real estate. In some instances, the defendant caused straw buyers to purchase multiple houses at or about the same time.

5.  The defendant caused straw buyers to apply for mortgage loans from financial institutions to purchase properties. Through these transactions, the defendant obtained money from financial institutions by causing money from the mortgage loans to be diverted to her own use and benefit.

6.  The defendant caused the loan applications and supporting documentation to contain material false and fraudulent representations about one or more of the following: the straw buyers' employer, income, assets, liabilities, rental history, value of the property, intent to occupy the homes as their primary residence, social security number, and the source of earnest money deposits and costs when defendant then and there well knew that the representation were false and fraudulent.

7.  The defendant knowingly caused to be verified the false and fraudulent representations regarding the straw buyers' qualifications when the defendant then and there well knew that the representations were false and fraudulent.

8.  The defendant gained control over the properties through the straw buyer transactions.

9.  The defendant caused title and escrow companies to make third party disbursements from the straw buyer transactions to herself and to companies she controlled.

10. The defendant sent and delivered and caused to be sent and delivered by U.S. Mail and commercial interstate couriers false and fraudulent loan applications and supporting documentation to financial institutions to induce the institutions to lend money to fund mortgage loans.

///

///

1  11. The defendant caused financial institutions to transmit money through commercial
2  interstate couriers and interstate wire communications to pay off prior mortgage loans and to fund new
3  mortgage loans.

4  12. Some of the financial institutions were federally insured.

5  13. On or about the dates identified below, the defendant and her coconspirators caused
6  material misrepresentations to be placed in loan applications and supporting documentation for the
7  purchase of the following Nevada properties:

| Dates | Property | Buyer |
|---|---|---|
| 8/25/2005 to 11/1/2005 | 3009 Gulls Perch Dr. | S.J. |
| 11/5/2005 to 12/8/2005 | 2869 Red Springs Dr. | T.E.J. |
| 12/9/2005 to 1/4/2006 | 9308 Empire Rock St. | E.W. |
| 12/30/2005 to 2/28/2006 | 6631 Running Trout Ave. | S.W. |
| 1/9/2006 to 2/6/2006 | 6005 Jubilee Gardens Ave. | S.W. |
| 6/19/2006 to 8/16/2006 | 6005 Jubilee Gardens Ave. | Candis Gardley |
| 1/17/2006 to 2/6/2006 | 7400 Cardigan Bay St. | T.E.J. |
| 7/17/2006 to 10/18/2006 | 7400 Cardigan Bay St. | G.R. |
| 1/22/2006 to 3/14/2006 | 6109 Rabbit Track St. | M.J. |
| 5/18/2006 to 6/16/2006 | 6109 Rabbit Track St. | Candis Gardley |
| 2/2/2006 to 2/23/2006 | 6137 Cottontail Cove St. | E.W. |
| 9/19/2006 to 10/26/2006 | 6108 Cottontail Cove St. | Jabari Marshall |
| 2/8/2006 to 3/9/2006 | 6116 Rabbit Track St. | M.J. |
| 7/17/2006 to 8/7/2006 | 6116 Rabbit Track St. | G.R. |
| 2/8/2006 to 3/15/2006 | 6028 Rabbit Track St. | M.J. |
| 6/19/2006 to 7/25/2006 | 6028 Rabbit Track St. | G.R. |

| Dates | Property | Buyer |
|---|---|---|
| 2/22/2006 to 3/31/2006 | 6693 Brave Warrior Ave. | E.W. & J.W. |
| 2/28/2006 to 3/30/2006 | 6120 Braeside Ct. | J.W. |
| 3/7/2006 to 4/3/2006 | 6212 Turtle Run Ave. | T.A.J. |
| 3/14/2006 to 4/11/2006 | 3912 Landsdown Pl. | T.A.J. |
| 4/20/2006 to 6/14/2006 | 6125 Arwells Corner Ct. | D.P. |
| 7/9/2006 to 9/1/2006 | 6125 Arwells Corner Ct. | W.P. |
| 9/11/2006 to 10/18/2006 | 8408 River Ridge Dr. | Jabari Marshall |
| 11/13/2006 to 12/15/2006 | 8408 River Ridge Dr. | G.M. |
| 10/20/2006 to 12/20/2006 | 8209 Mount Logan Ct. | H.L.T. |
| 10/23/2006 to 1/23/2007 | 7204 Fairwind Acres Pl. | H.L.T. |
| 12/7/2009 to 2/23/2007 | 7185 Fairwind Acres | J.M. |
| 1/2/2007 to 1/24/2007 | 7165 Fairwind Acres Pl. | H.L.T. |
| 1/22/2007 to 3/20/2007 | 7241 Fairwind Acres Pl. | A.M. |
| 3/4/2007 to 4/18/2007 | 7140 Crescentville Ave. | A.M. |

14. From on or about March 4, 2007, to on or about April 18, 2007, in the State and Federal District of Nevada and elsewhere, the defendant and Lloyd H. Gardley did devise and intend to devise a scheme and artifice to defraud and to obtain money and property under the custody and control of Flagstar Band, a federally insured financial institution, by means of false and fraudulent pretenses, representations and promises that would cause the bank to part with money and property.

15. In or about March 2007, in the Federal District of Nevada, the defendant and Lloyd H. Gardley did knowingly cause mortgage loan applications and supporting documentation containing false and fraudulent pretenses, representations and promises to be submitted to Flagstar Bank to cause Flagstar Bank to loan money to fund the purchase of 7140 Crescentville, Las Vegas, Nevada.

8

16.     From on or about May 18, 2006, to on or about June 16, 2006, in the State and Federal District of Nevada and elsewhere, defendant Candis J. Gardley, Lloyd H. Gardley, and Suzanne R. McAllister did devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

17.     On or about June 16, 2006, in the State and Federal District of Nevada and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice, defendant Candis J. Gardley, Lloyd H. Gardley, and Suzanne R. McAllister did knowingly cause to be placed in an authorized depository for mail to be sent and delivered by U.S. Mail, the following mail matter: a letter and pre-existing mortgage payoff sent from LandAmerica in Nevada to IndyMac Bank in Indiana, for a transaction involving the property at 6109 Rabbit Track Street.

18.     From on or about June 19, 2006, to on or about July 25, 2006, in the State and Federal District of Nevada and elsewhere, defendant Candis J. Gardley, Lloyd H. Gardley, and Suzanne R. McAllister did devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

19.     On or about July 25, 2006, in the Federal District of Nevada, for the purpose of executing and attempting to execute the scheme and artifice, defendant Candis J. Gardley, Lloyd H. Gardley, and Suzanne R. McAllister did knowingly cause to be sent and delivered by UPS, a private and commercial interstate carrier, the following mail matter: a letter and pre-existing mortgage payoff sent from LandAmerica in Nevada to Franklin Credit Payoff Department in Ohio, for a transaction involving the property at 6028 Rabbit Track Street.

20.     As a result of this fraud, the financial institutions suffered an aggregate loss of more than $7,000,000.00.

21.     As a result of this fraud, 54 mortgage loans totaling $19,978,100 were obtained to fund the purchases identified in paragraph 13 of this section.

22. At least 104 mortgage loans totaling $35,837,018 were obtained to fund purchases as part of this conspiracy and scheme to defraud.

23. In all of the aforementioned actions the defendant acted with the intent to defraud.

24. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code Section 2461(c), the $6,133,850.00 in United States Currency is property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1341, 1343 and 1344 or a conspiracy to commit such offenses, and is therefore subject to forfeiture; and pursuant to Title 18, United States Code, Section 982(a)(2)(A), the $6,133,850.00 in United States Currency is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of Title 18, United States Code, Sections 1341, 1343 and 1344 or a conspiracy to commit such offenses, and is therefore subject to forfeiture.

## VI. ACKNOWLEDGMENT

The defendant acknowledges that the defendant has been advised, and understands, that by entering a plea of guilty the defendant is waiving, that is, giving up, certain rights guaranteed to the defendant by law and by the Constitution of the United States. Specifically, the defendant is giving up:

a. The right to persist in her plea of not guilty;

b. The right to proceed to trial by jury on the original charges, or to a trial by a judge if the defendant and the United States both agree;

c. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

d. The right to remain silent at such trial, with such silence not to be used against the defendant in any way;

e. The right, should the defendant so choose, to testify on the defendant's own behalf at such a trial;

10

f.  The right to compel witnesses to appear at such a trial, and to testify on the defendant's behalf; and

g.  The right to have the assistance of an attorney at all stages of such proceedings.

Respectfully submitted this 16th day of September, 2013.

DANIEL G. BOGDEN
United States Attorney

BRIAN PUGH
SARAH E. GRISWOLD
Assistant United States Attorneys

11

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that the undersigned has served the foregoing UNITED STATES' MEMORANDUM REGARDING DEFENDANT CANDIS GARDLEY'S PLEA WITHOUT BENEFIT OF PLEA AGREEMENT on counsel of record by means of personal service.

DATED this 16th day of September, 2013.

_/s/ Sarah E. Griswold_
Sarah E. Griswold